IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SAMMY LEROY McMURRAY,

    Plaintiff,

v.                                                                                                  No. CV 08-1209 JH/ACT

JOHN MCCELMOORE,

    Defendant.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis. For the reasons below, the Court will dismiss the complaint.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing McMurray's pro se Complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint names as the Defendant a former state court judge whom Plaintiff has named in prior complaints. *See McMurray v. Snead-Justice*, No. CV 07-0688 JH/CEG; *McMurray v.*

*Snead*, No. CV 08-0519 JB/KBM; *McMurray v. McClemoore*, No. CV 08-0773 JH/WDS. The earlier complaints were dismissed on procedural and substantive grounds. Plaintiff's only allegation in the instant complaint is that Defendant demonstrated racial bias by allowing perjured testimony in a state court criminal proceeding, causing Plaintiff to be falsely imprisoned. The complaint seeks damages.

Defendant is immune to Plaintiff's claims for damages. "It is well-settled that judges have absolute immunity from liability for damages for acts committed within the apparent scope of their judicial duties." *Wiggins v. New Mexico State Supreme Court Clerk*, 664 F.2d 812, 815 (10th Cir. 1981) (citing *Stump v. Sparkman*, 435 U.S. 349 (1978) (additional citations omitted)). This is true regardless of the judge's motive. *See Stump*, 435 U.S. at 356-57. Moreover, a judge has absolute immunity even if he or she does not in fact have jurisdiction over a particular cause, so long as the actions are in the judge's judicial capacity. *See id*. Plaintiff's claim for damages against Defendant will therefore be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is GRANTED;

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED with prejudice, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE